**Anaida KOCHARYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72466.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Homayun Zadeh, Esq., Law Office of Homayun Zadeh, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kathleen Doster, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Anaida Kocharyan, a native of the former Soviet Union and citizen of Armenia, petitions for review of the Board of Immi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying asylum We dismiss the petition for review.

Kocharyan contends that extraordinary circumstances excuse the late filing of her asylum application because she received ineffective assistance from her application preparer, Ashot Simonyan. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5)(iii). We lack jurisdiction to review the agency's determination that Kocharyan failed to show extraordinary circumstances because the underlying facts are disputed. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). The disputed facts include the date when Kocharyan completed her asylum application and sent it to Simonyan, the extent and details of Kocharyan's agreement with Simonyan, and the government's knowledge of Simonyan's history of misconduct and criminal status. Because we lack jurisdiction, we do not consider Kocharyan's contentions regarding compliance with the procedural requirements for bringing a claim of ineffective assistance of counsel.

We lack jurisdiction to consider Kocharyan's due process claim because she failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir. 2004) (procedural claims curable by the agency must be exhausted).

**PETITION FOR REVIEW DISMISSED.**